IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD R. PATTON                                                                                            PLAINTIFF

v.                                         Civil No. 6:21-cv-06008

ARKANSAS DEPARTMENT OF CORRECTION;
ARKANSAS COMMUNITY OF CORRECTION;
DR. BERYL RUSHEFSKY; and DR. ALBERT
KITTRELL                                                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff Richard R. Patton pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.  BACKGROUND

Plaintiff filed his Complaint on January 14, 2021. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff is currently incarcerated in the Hot Springs County Jail serving a sentence as a result of a judgment of conviction. (ECF No. 1, p. 2). Plaintiff has named the Arkansas Department of Correction ("ADC"), the Arkansas Community of Correction ("ACC"), Dr. Beryl Rushefsky, and Dr. Albert Kittrell as Defendants in this action.

1

In Claim One, Plaintiff alleges his constitutional civil rights were violated when the ADC and the ACC "held [Plaintiff] in prison 2 days over pass my discharge date…my discharge date was changed so that the Arkansas Community Correction could profit from 90 day…". (ECF No. 1, p. 4.). In Claim Two, Plaintiff alleges the ACC, Dr. Beryl Rushefsky and Dr. Albert Kittrell refused to provide him with "my phycotic medications that was prescribed by 2 other doctors…" *Id.* at p. 5. Plaintiff is suing Defendants in their personal and official capacities. He seeks compensatory and punitive damages. *Id.* at 7.

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Defendants Rushefsky and Kittrell

The Court finds Plaintiff has, for the purpose of pre-service screening, alleged cognizable claims against Defendants Rushefsky and Kittrell for denying him medication previously prescribed. Accordingly, I recommend Claim Two proceed against these Defendants.

### B. Defendants ADC and ACC[1]

The claims against the ADC and ACC are subject to dismissal because these entities are not subject to suit under § 1983. Each of these defendants are agencies of the State of Arkansas and as such Plaintiff's claims are the equivalent of a suit against the state. Claims against the state are barred by Eleventh Amendment immunity. *See Campbell v. Arkansas Department of Correction,* 155 F.3d 950, 962 (8th Cir.1998) (the ADC is entitled to sovereign immunity); *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 743–44 (8th Cir.1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).

Accordingly, I recommend all claims against the ADC and ACC be dismissed.

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's claims against the ADC and ACC be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b). Further, I recommend Plaintiff's claims against Defendants Rushefsky and Kittrell proceed, and that service be ordered on those two defendants.

**IT IS SO ORDERED** this 10th day of February 2021.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[1] The Arkansas Department of Correction was reorganized in 2019 to become the Arkansas Department of Corrections. The new Department is a Cabinet level department within the Arkansas State Government which includes the Division of Correction and the Division of Community Correction.